James E. Jacobson, Jr.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999
jim.jacobson@live.com

FILED17 JUL '17 13:47USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| James E. Jacobson, Jr. ) | Civil No: 3:17-cv-1105 YY |
| Plaintiff ) | |
| ) | **NOTICE OF REMOVAL** |
| vs. ) | |
| Rajiv Jain, owner, managing member, and ) | |
| registered agent of Cansler Village LLC, dba ) | |
| Cansler Village Apartments, a single member ) | |
| LLC, and A-Z, LLC(s) (the group comprising ) | |
| all of the single member LLC(s) owned and ) | |
| managed by Rajiv Jain where Rajiv Jain acts as ) | |
| his own registered agent); Cansler Village, LLC ) | |
| dba Cansler Village Apartments; and Liz Tracy ) | |
| (a natural person), representative of Rajiv Jain ) | |
| and manager of Cansler Village Apartments; ) | |
| jointly and severally. ) | |
| Defendants ) | |

**PLEASE TAKE NOTICE THAT** Plaintiff, James E. Jacobson, Jr. ("Plaintiff") hereby removes this action from the CIRCUIT COURT FOR THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH, Case No: 17CV21905, to the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON pursuant to 28 U.S.C. § 1446.

Page - 1   NOTICE OF REMOVAL

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999

Case No: 17CV21905, in the CIRCUIT COURT FOR THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH, was effectively re-filed on June 27th, 2017 when Plaintiff filed his Amended Complaint to include a substitution of parties which was necessitated because Rajiv Jain (a natural person) was consistently successful in avoiding service of process by the Washington County Sheriff and ultimately, could not be served. The Amended Complaint also includes additional parties and claims for relief. (At least one claim was removed and segregated to another matter).

## ORS CHAPTER 124 CERTIFICATION

I, James E. Jacobson Jr., Plaintiff, is a vulnerable person having one or more disabilities as defined in ORS Chapter 124, *et seq*. Plaintiff's disabilities are permanent. Within the past 180 days, Plaintiff has been subject to Physical and Financial abuse by Defendant(s) as defined in ORS Chapter 124, *et seq.*, and that abuse is continuing. Plaintiff remains in imminent danger of immediate harm.

## REQUEST FOR COURT APPOINTED COUNSEL

This matter arises, in part, under 42 U.S.C. § 3601 the "Fair Housing Act", for housing discrimination on the basis of disability, and Plaintiff requests Court Appointed Counsel to represent him in this matter as provided under 42 U.S.C. 3613 (b)(1) for the following reasons:

(1) It will promote a faster resolution to the claims raised herein;

(2) Plaintiff is a single male disabled person whose sole source of income is Social Security Disability; who is at a tremendous economic disadvantage vs. the Defendant(s); and, at times, Plaintiff's disabilities may interfere with his ability to fully prosecute this action;

(3) Plaintiff has already suffered physical and financial abuse due to acts undertaken by Defendant(s) and should not have to endure more; and

(4) Defendant(s) have already taken steps to ensure that Plaintiff will be homeless in the near future and they are actively pursuing that goal; it will be some time before Plaintiff can ensure timely response to pleadings due to the housing situation inflicted on Plaintiff by Defendant(s).

(5) Plaintiff's Financial Statement submitted of even date herewith supports the fact that Plaintiff cannot afford an Attorney.

## JURISDICTION

1. This is a civil action over which this Court has original jurisdiction under the provisions of 28 CFR Part 36 (1991); 42 U.S.C. § 12182, *et seq.* 42 U.S.C. § 12182(a) including, and *inter alia* Sec 36.206, Sec 36.403, Sec 36.501 and Appendix A to Part 36, because it is a civil action which involves a federal question under Title III of the Americans with Disabilities Act; a federal question under the Fair Housing Act arising under 42 U.S.C. § 1982 and/or 42 U.S.C. § 3601 (or the appropriate sections of the "Fair Housing Act") and the basis of Jurisdiction is 28 U.S.C. §§ 1343(4), 2201 and 42 U.S.C. § 3613. Plaintiff is entitled to immediate injunctive relief pursuant to FRCP Rule 65(b) and 42 U.S.C. §3613(c); for violation of Civil Rights under 42 U.S.C. Chapter 21, including 42 U.S.C. Chapter 21, Subchapter II; 42 USC § 2000a, 42 U.S.C. § 2000a-2, and 42 U.S.C. § 2000a-3; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The state court action is therefore removable by Plaintiff pursuant to the provisions of 28 U.S.C. § 1441, and so claims arising under Oregon State Law are included herewith.

## VENUE

Venue is proper in the UNITED STATES DISTRICT COURT DISTRICT OF OREGON because:

2. Plaintiff, James E. Jacobson, Jr., was, at the commencement of this action in state court, and still is domiciled in the State of Oregon. Therefore, Plaintiff is a citizen of the State of Oregon.

3. Defendant, Rajiv Jain, ("Defendant Jain") was, at the commencement of this action, and still is domiciled in the State of Oregon. Therefore, Defendant Jain is a citizen of the State of Oregon.

4. Defendant, Cansler Village, LLC dba Cansler Village Apartments, (Defendant "Cansler Village", is a single member Oregon Limited Lability Company formed for the purpose of holding investment property located in Multnomah County, Oregon.

5. Defendant's A-Z, LLC's (Defendant's A-Zs) are all single member Oregon Limited Liability Companies, formed for the purpose of holding individual investment properties located in either Multnomah or Washington Counties, Oregon.

6. Defendant, Liz Tracy, ("Defendant Tracy") was, at the commencement of this action, and still is domiciled in the State of Oregon. Therefore, Defendant Tracy is a citizen of the State of Oregon.

## CLAIMS FOR RELIEF

7. Plaintiff, a permanently disabled person, is a member of one or more classes protected under the American's with Disabilities Act, the Fair Housing Act, The Civil Rights Act of 1968, Oregon's Elderly Persons and Persons with Disabilities Abuse Prevention Act, and numerous other State and Federal Statutes. Plaintiff has been subject to Physical and Financial Abuse Plaintiff inflicted on Plaintiff by Defendants in the past 180 days as defined in ORS Chapter 124, and Plaintiff remains in continuous danger of immediate harm. Plaintiff is asserts he is an "Aggrieved Person" under the FHA who is presently under assault due to a pattern of "discriminatory housing practices" undertaken by Defendant(s), and combined with their pursuit of threats, coercion and harassment; Plaintiff has suffered physical and financial damages intentionally inflicted by Defendant(s) in the course of their discriminatory housing practices. Accordingly, Plaintiff's Complaint asks for damages and other relief:

## COUNT I

Pursuant to ORS 124.120 and 42 U.S.C. § 3617, Plaintiff is entitled to an emergency Temporary Restraining Order, and a Preliminary and Permanent Injunction to prevent further abuse of Plaintiff by Defendant(s); to forbid Defendant(s) from interfering with Plaintiff's personal property; his RIGHTS TO QUIET ENJOYMENT of his residence; to stop refusing to accommodate Plaintiff's disabilities (42 U.S.C. § 3604(f)(3)(B)) and from taking any action which interferes with Plaintiff's tenancy at Cansler

Page - 4   NOTICE OF REMOVAL

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999

Village Apartments, including attempting to collect any further rents, utility charges or any other amount of money for a minimum of at least three months, or for the pendency of this action, whichever is longer.

### COUNT II

Plaintiff is entitled to temporary, preliminary and permanent injunctive relief to prevent Defendant(s) from imposing the unjustified discriminatory rent increase and/or prohibited utility bill-back charges as described in Paragraph 26, and other threatening and coercive acts described herein; and in view of their open defiance of State and Federal Law, Defendant(s) should be required to post a cash bond of $100,000.00 to ensure their compliance with the Temporary Restraining Order, and any other injunctive relief imposed by the Court, prejudgment interest in the amount of (9%) per annum from June 27th, 2014.

### COUNT III

Rajiv Jain is an absentee landlord who attempts to maximize profit by minimizing spending on property maintenance in deteriorating neighborhoods while failing to maintain the properties in safe and habitable condition for its residents and knowing harboring and/or endorsing criminal activity. Rajiv Jain engages in a pattern of discriminatory housing practices within the meaning of 42 U.S.C. 3602 (f). Rajiv Jain is an unfit landlord and pursuant to ORS 124.120 and 42 U.S.C. § 3617. Plaintiff is entitled to a preliminary and permanent injunction as well as punitive sanctions prohibiting Rajiv Jain from owning and/or continuing to own any multi-family property in view of the acts alleged herein.   In addition, Plaintiff should be awarded punitive money damages in an amount of not less than $100,000.00 or a greater amount to be determined at trial. Cansler Village Apartments and ABC LLC(s) should be put under receivership and should be subject to court ordered dissolution due to the deceptive manner in which they are owned and managed.

### COUNT IV

Pursuant to ORS 124.105(2) and as provided in ORS 124(100) (2) Plaintiff is entitled to an award of three times all economic and non-economic damages outlined herein together with interest

compounded at a rate of 9% per annum for the Physical Abuse Defendant(s) inflicted on Plaintiff in and any additional amount to be determined at trial.

## COUNT V

Pursuant to ORS 124.110(a) and as provided in ORS 124(100) (2) Plaintiff is entitled to an award of three times all economic and non-economic damages for the harassment, coercion and Financial Abuse Defendant(s) inflicted on Plaintiff or an amount of not less than $110,000.00 (not including charges related to the illegal towing of Plaintiff's Automobile), together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT VI

Plaintiff is entitled to a pre-judgment cash award of $30,000.00 as outlined in paragraph 40 under the provisions of 42 U.S.C. Chapter 21, 42 U.S. C.§3604 §3613, ORS 90.375 and ORS Chapter 124, which is treble the amount Plaintiff estimates is required to pack and move his household to another residence. (Note: Plaintiff's disabilities include permanent strength and mobility limitations which eliminate any possibility that Plaintiff can pack or move anything by himself).

## COUNT VII

Plaintiff is entitled to an award of damages for the full value of Plaintiff's 2008 Mercedes Benz E350 with a performance package and custom wheels, leather interior, etc., for the THEFT AND/OR CONVERSION and loss of use of Plaintiff's vehicle over a two month period, or an amount of not less than $35,000.00 which is tripled under the provisions of ORS Chapter 124. Such actions were undertaken with the express purpose of harassing, coercing and/or intimidating Plaintiff in violation of 42 U.S.C. Chapter 21 and Plaintiff is entitled to an award of aggregated damages in the amount of $105,000.00, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT VIII

Plaintiff is entitled to an award of damages and injunctive relief for BREACH OF CONTRACT for non-compliance with the rental agreement as provided in 42 U.S.C § 3613, ORS 90.360, ORS 90.730

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999

and ORS 90.320. Damages for Landlord's BREACH OF CONTRACT are in addition to any other relief Plaintiff claims under ORS Chapter 124. Plaintiff is entitled to a refund of all payments to Rajiv Jain under his rental agreement or an amount of not less than $28,085.00 as well as compensation for costs incurred due to improper insulation and inadequate heating or an addition sum of $8200.00, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial. Plaintiff is entitled to injunctive relief under the American's with Disabilities Act for Defendant's failure to provide adequate access and handicapped parking facilities but for at least the past two years, Plaintiff's Apartment has also lacked inadequate HEATING equipment, required by the City of Gresham Multi-Family Building Code, sufficient for heating Plaintiff's Apartment in winter while Defendant(s) have actual knowledge that Plaintiff has a medical certificate on file with Portland General Electric because cold indoor temperatures can result in Plaintiff having spasms and seizures. With inadequate heat, Plaintiff is denied access to his own home.

## COUNT IX

Plaintiff is entitled to damages and injunctive relief due to the RETALIATORY AND UNCONSCIONABLE AND DISCIMINATORY CONDUCT by Defendant(s) under ORS 90.385, ORS 90.135, and 42 U.S.C. 3604, including an injunction enjoining Defendant(s) from proceeding with collecting the rental amounts shown in Exhibit 11.

## COUNT X

Plaintiff is entitled to an award of damages amounting to twice the actual damages or one month's rent, whichever is greater under ORS 90.315 due to LANDLORD'S FAILURE TO DISCLOSE TO THE TENANT IN WRITING AT OR BEFORE THE COMMENCEMENT OF THE TENANCY OF ANY UTILITY OR SERVICE THAT BENEFITS THE LANDLORD OR OTHER TENANTS, or an amount of not less than $1960.00 which is tripled under the provisions of ORS Chapter 124, and therefore Plaintiff is entitled to an award of damages in the amount of $5880.00, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT XI

Page - 7   NOTICE OF REMOVAL

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999

Plaintiff is entitled to an award of damages for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS wherein the acts undertaken by Defendant(s) have in fact inflicted substantial emotional distress including anxiety attacks, loss of sleep and reactivation of Plaintiff's PTSD symptoms requiring medical attention, medication and increased medical bills in an amount of not less than $50,000.00 which is tripled pursuant to ORS Chapter 124, et seq., for a total of not less than $150,000.00, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT XII

Plaintiff is entitled to an award of damages due to the unrelenting harassment and retaliatory conduct of Defendant(s), in violation of ORS 90.385, or an amount of not less than $28,000.00, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT XIII:

Plaintiff is entitled to an award of damages for "unlawful coercion, intimidation, threats, and/or interference with Plaintiff in the exercise or enjoyment of his fair housing rights as provided under 42 U.S. Code § 3617, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## COUNT XIV

Plaintiff is entitled to an award of all Attorney Fees (if any), costs and disbursements associated with this action including the fees owed Multnomah County Circuit Court, The Multnomah County Sheriff, The Washington County Sheriff and the Secretary of State accrued prior to removal of this matter, together with interest compounded at a rate of 9% per annum and any additional amount to be determined at trial.

## GROUNDS FOR REMOVAL

8. This action was first filed on May 31st, 2017, when Plaintiff filed his Original Complaint in the CIRCUIT COURT FOR THE STATE OF OREGON, COUNTY OF MULTNOMAH, captioned James E. Jacobson, Jr., vs. Rajiv Jain (a natural person); Cansler Village, LLC (a single member LLC)

dba Cansler Village Apartments; and Liz Tracy (a natural person), representative of Rajiv Jain and manager of Cansler Village Apartments, jointly and severally, Case No.17cv21905 ("State Court Case"). Unfortunately, Plaintiff ultimately was not successful in obtaining personal service on the parties through Sheriff's Departments spanning two counties.

9. An Amended Complaint was subsequently filed on June 27th, 2017, and the case was re-captioned James E. Jacobson, Jr. vs. Rajiv Jain (owner, managing member, and registered agent of Cansler Village LLC, a single member LLC, and A-Z, LLC(s) (the group comprising all of the single member LLC(s) owned and managed by Rajiv Jain where Rajiv Jain acts as his own registered agent)); Cansler Village, LLC dba Cansler Village Apartments; Liz Tracy (a natural person), representative of Rajiv Jain and manager of Cansler Village Apartments; jointly and severally. ("Amended State Court Case") The case was re-captioned with substituted parties so that Plaintiff could achieve Service of Process the Oregon Secretary of State – Corporation Division/Process Service pursuant to the Oregon Revised Statutes 192.410-192.490.

10. It was also discovered that Defendant Jain actually owned approximately 8 (eight) additional self-indemnified single member Limited Liability Companies, LLC(s) A-Z, each formed for the purpose of holding individual Multi-Family Properties wherein Defendant Jain was avoiding obligations to maintain the residences in habitable condition and instead misappropriating proceeds from rents and other miscellaneous fees that should have been retained for operating expenses such as maintenance and security and instead fraudulently using those assets to purchase additional Multi-Family Properties. At the same time, Plaintiff suffered potentially health threatening conditions due to inadequate heating for years.

11. The Amended Complaint contains sufficient new matter that the effective date of commencement for this case is not earlier than June 27th, 2017.

12. Accordingly, Plaintiff sent a copy of the Amended Complaint, Summons and Exhibits for personal service on each named Defendant as follows:

Page - 9  NOTICE OF REMOVAL

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999

A. Defendant Tracy received a copy of the Amended Complaint, Summons and Exhibits in the Amended State Court Case by personal service by the Multnomah County Sheriff on July 5th, 2017. A copy of the Return of Service by the Multnomah County Sherriff's Office, and filed with the court is included herewith.

B. Defendant Rajiv Jain (owner, managing member, and registered agent of Cansler Village LLC, a single member LLC, and A-Z, LLC(s) (the group comprising all of the single member LLC(s) owned and managed by Rajiv Jain where Rajiv Jain acts as his own registered agent)) Defendant Cansler Village, LLC dba Cansler Village Apartments was served a copy of the Amended Complaint, Summons and Exhibits in the Amended State Court Case by the Secretary of State on July 6th, 2017, and a copy of the proof of service is submitted herewith.

C. The Attorney General for the State of Oregon, Civil Enforcement Division was served a copy of the Amended Complaint, Summons and Exhibits in the Amended State Court Case pursuant to ORS 124.100(6) by USPS Certified mail with a signed Return Receipt dated July 4th, 2017 (sic), and a copy of the proof of service is submitted herewith.

13. There have not been any proceedings in the State Court Case or the Amended State Court Case since the filing of Plaintiff's Complaint.

14. However, On Friday June 30th, 2017, (specifically designed to take advantage of the fact that Plaintiff would not receive the motion during the extended Fourth of July Holiday), Counsel for the Defendants, Gregory P. Fry, OSB# 052583, filed highly derogatory, defamatory and specious ORCP Rule 21 Motions specifically designed to mislead the court and prejudice Plaintiff's standing. Plaintiff promptly filed a Motion to Strike. No hearings have been set for either pleading.

15. In his 21 page ORCP Rule 21 Motions Mr. Fry seeks to terminate Plaintiff's five year residency at Cansler Village and resorts to other threats and coercion simply because Plaintiff is seeking to defend his civil rights in violation of 42 USC § 20000a-2 and 42 U.S.C. § 3617.

16. Mr. Fry's ORCP Rule 21 Motions do not constitute an "appearance" of any Defendant in this matter.

Page - 10  NOTICE OF REMOVAL

17. This is an action over which the federal courts have original jurisdiction pursuant to 28 U.S.C. § 1332 because:

    A. It presents matter in which the Federal Courts have exclusive jurisdiction under The Americans with Disabilities Act, The Fair Housing Act and The Civil Rights Act of 1968; and

    B. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

18. This Notice of Removal is being filed within 30 days after the filing Plaintiff's Amended Complaint (which includes new parties and allegations, and claims for relief) Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

19. True and correct copies of all process, pleadings and orders served upon the Defendants in the Amended State Court Case are attached to this Notice of Removal.

20. Plaintiff certifies that a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the State of Oregon for the County of Multnomah, and that he will give notice of same to counsel for Defendants, as required by 28 U.S.C. § 1446.

21. Plaintiff files this Notice of Removal, and removes this case, preserving in full its rights to assert any other claims available under Federal Law and defenses to any counter claims available under the Federal Rules of Civil Procedure.

DATED: July 17, 2017

/s/
James E. Jacobson, Jr., Plaintiff
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999
jim.jacobson@live.com
Plaintiff

Page - 11   NOTICE OF REMOVAL

## CERTIFICATE OF MAILING

I, _James E Jacobson_, declare that, on _July 17 2017_, I personally served a true copy of this NOTICE OF REMOVAL via ELECTRONIC SERVICE OF PROCESS addressed to the party to be served, namely Gregory P. Fry, OSB # 052583, **Preg O'Donnell & Gillett PLCC**, 222 S.W. Columbia St., Suite 1575, Portland, Oregon 97201-6615.

Page - 12  NOTICE OF REMOVAL

JAMES E. JACOBSON, JR.
768 SE 193rd Ave, Apt 312
Portland, OR 97233
(503) 740-2999